**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**DAVID LEE GOLLAHON,**

                      **Petitioner,**

       **v.**                                          **CASE NO. 21-3243-SAC**

**STATE OF KANSAS,**

                      **Respondent.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is before the Court on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner, who is proceeding pro se, is a pretrial detainee facing state criminal charges. The Court has conducted a preliminary review of the petition and will direct Petitioner to show cause, in writing, why this action should not be dismissed under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 53-54 (1971).

This matter is governed by Habeas Corpus Rule 4 and 28 U.S.C. § 2241. Rule 4 requires the Court to undertake a preliminary review of the petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." Habeas Corpus Rule 4. The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2241(c)(3).

According to the online records of the Riley County District Court, Petitioner was charged in 2018 in Riley County under case

number 2018-CR-000035, but he failed to appear for his trial in November of that year. *See* Kansas District Court Public Access Portal, *State v. Gollahon*, case number 2018-CR-00035, "Events and Hearings" (Riley County, Kansas), hereinafter referred to as "RCDC Records." In January 2019, Petitioner was involved in an armed bank robbery in Maryland and, in May 2019, he was indicted in the United States District Court for the District of Maryland on related charges. *See United States v. Tingler, et al.*, Case No. 1:19-cr-00257-DKC (D. Md.), hereinafter referred to as "USDC MD Records."

In June 2020, Petitioner filed in Kansas state court a motion to dismiss his pending Kansas criminal proceedings because the State was notified in February 2019 that he was in custody in Maryland and, although Petitioner had signed a waiver of extradition, the State had taken no action to bring him back to Kansas. *See* RCDC Records. The State responded, asserting that the Riley County Attorney's Office had not received a detainer from Petitioner and could not bring him to Kansas while the Maryland charges were pending. *Id.* Riley County District Court online records do not reflect that the court ruled on Petitioner's motion to dismiss.

In August 2020, Petitioner pled guilty to one count of armed bank robbery and one count of brandishing a firearm during a crime of violence. *See* USDC MD Records. In December 2020, he was sentenced to a total of 156 months in prison with 5 years of post-incarceration supervised release. *Id.*

In July 2021, Petitioner was brought to Kansas for prosecution on the 2018 charges. *See* RCDC Records. On October 8, 2021, he filed a pro se motion to dismiss the amended complaint/information. *Id.* It appears that Petitioner's jury trial is currently scheduled for

October 26, 2021. *Id.*

On October 21, 2021, Petitioner filed in this Court a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) As his first ground for relief, Petitioner asserts that Kansas has violated his statutory and constitutional speedy trial rights by failing to extradite him from Maryland after he signed the waiver of extradition. *Id.* at 6. As his second ground for relief, he alleges that the district judge overseeing his Kansas state-court criminal proceedings is violating his procedural due process and equal protection rights by "refus[ing] to rule on [his] motion or listen to arguments regarding [his] motion to dismiss." *Id.* Petitioner asks the Court to determine whether his speedy trial rights and equal protection rights have been violated and whether his state-court criminal prosecution violates Kansas law. *Id.* at 7. He further asks that the Court dismiss his state criminal charges with prejudice and order him returned to federal custody. *Id.*

Principles of comity dictate that absent unusual circumstances, a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger v. Harris*, 401 U.S. 37, 46 (1971). Federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). Where the three circumstances coexist, abstention is mandatory unless extraordinary circumstances are present. *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187

F.3d 1160, 1163 (10th Cir. 1999)).

The three conditions in *Younger* are satisfied with respect to Petitioner's current criminal prosecution in state court: (1) the state criminal case against Petitioner is ongoing; (2) the State of Kansas has an important interest in prosecuting crimes charging the violation of Kansas laws; and (3) the state courts provide Petitioner the opportunity to present his challenges, including his federal constitutional claims, whether in the district court, on appeal, or, if necessary, in further proceedings. Petitioner is therefore directed to show cause, in writing, on or before November 22, 2021, why this matter should not be summarily dismissed without prejudice under *Younger*. The failure to file a timely response will result in this matter being dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is directed to show cause, in writing, on or before November 22, 2021, why this matter should not be summarily dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 22nd day of October, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge