IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID LEE GOLLAHON,

                    Petitioner,

          v.                                CASE NO. 21-3243-SAC

STATE OF KANSAS,

                    Respondent.


MEMORANDUM AND ORDER


     This matter is before the Court on Petitioner's response (Doc. 5) to this Court's notice and order to show cause (NOSC). For the reasons stated below, the Court will dismiss this action without prejudice under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 46 (1971), and *Ex Parte Royall*, 117 U.S. 241 (1886). As a result, the Court will deny Petitioner's motion to proceed *in forma pauperis* (Doc. 4) as moot.

**Background**

     According to the online records of the Riley County District Court and Petitioner's response to this Court's NOSC[1], Petitioner was charged in 2018 in Riley County, Kansas under case number 2018-CR-000035, but he failed to appear for his trial in November of that year and the district court issued a bench warrant for his arrest. In February 2019, Petitioner was arrested in Maryland and charged in Maryland state court with offenses related to an armed bank robbery. Petitioner asserts that on the same day he was

---

[1] For purposes of initial screening of this matter under Habeas Corpus Rule 4, the Court takes all facts alleged by Petitioner as true, even those the Court cannot independently verify.

arrested, "a detainer was placed on [him] as a result of being a fugitive from Kansas." (Doc. 5, p. 2.)

In May 2019, Petitioner was indicted in the United States District Court for the District of Maryland on charges related to the bank robbery and, as a result, in July 2019, the State of Maryland entered a notice of nolle prosequi, dropping the state charges against him. Petitioner was served with a fugitive warrant from Kansas on July 18, 2019 and, shortly thereafter, was brought before the Maryland state district court for a hearing, at which he signed a waiver agreeing to be extradited to Kansas. Petitioner represents that on July 26, 2019, he was informed that Kansas was not going to extradite him and he was released into federal custody to face the pending federal charges.

Petitioner further asserts that a case manager at the federal detention facility where he was held informed him that "he had a detainer from Kansas" but could not request disposition of the detainer under the Uniform Mandatory Disposition of Detainers Act (UMDDA) until he began serving a sentence. Thus, in June 2020, Petitioner's Kansas counsel filed in Kansas state court a motion to dismiss his pending Kansas charges based on Kansas' failure to pursue extradition after Petitioner signed the waiver in February of 2019.

The State responded, asserting that the Riley County Attorney's Office had not received a detainer from Petitioner and could not bring him to Kansas while the Maryland charges were pending. Riley County District Court online records do not reflect that the court ruled on Petitioner's motion to dismiss.

On August 27, 2020, Petitioner pled guilty in Maryland federal

court to one count of armed bank robbery and one count of brandishing a firearm during a crime of violence. In December 2020, he was sentenced to a total of 156 months in prison with 5 years of post-incarceration supervised release. The following month, Petitioner was transferred to a federal correction institution in Memphis, Tennessee.

In May 2021, Petitioner filed for disposition of his Kansas detainer under the UMDDA and, in July 2021, Riley County Police retrieved Petitioner from Memphis and brought him to Kansas for prosecution on the 2018 charges. On October 8, 2021, Petitioner filed a pro se motion to amend the still-pending motion to dismiss the Kansas charges. The Kansas state district judge declined to rule on the motion, telling Petitioner at a hearing five days later that "we are past motions." (Doc. 5, p. 6.)

On October 21, 2021, Petitioner filed in this Court a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) As his first ground for relief, Petitioner asserts that Kansas has violated his statutory and constitutional speedy trial rights by failing to extradite him from Maryland after he signed the waiver of extradition. *Id.* at 6. As his second ground for relief, he alleges that the district judge overseeing his Kansas state-court criminal proceedings is violating his procedural due process and equal protection rights by "refus[ing] to rule on [his] motion or listen to arguments regarding [his] motion to dismiss." *Id.* Petitioner asks the Court to determine whether his speedy trial rights and equal protection rights have been violated and whether his state-court criminal prosecution violates Kansas law. *Id.* at 7. He further asks that the Court dismiss his state criminal charges with

prejudice and order him returned to federal custody. *Id.*

The Court conducted a preliminary review of the petition and concluded that it appears that the Court must abstain from interfering with Petitioner's ongoing state-court criminal prosecution. (Doc. 3.) Thus, on October 22, 2021, the Court issued a NOSC directing Petitioner to show cause, in writing, why this matter should not be summarily dismissed without prejudice. *Id.*

Petitioner's jury trial in Riley County District Court began on October 26, 2021, and a jury convicted him the following day of aggravated kidnapping, aggravated burglary, and attempted aggravated robbery. His sentencing is currently scheduled for December 7, 2021. This Court received Petitioner's timely response (Doc. 5) to the NOSC on November 4, 2021 and has reviewed it and the attached exhibits carefully.

**Analysis**

In his response, after articulating a complete procedural history of the relevant events, Petitioner contends that this court may grant his petition because he is being held in violation of his Sixth Amendment right to a speedy trial, his Fourteenth Amendment procedural due process right, and his right to equal protection under the law. (Doc. 5, p. 4-5.) He emphasizes Kansas' speedy trial statute, K.S.A. 22-3401(d), and argues that by failing to act in a timely fashion after he waived extradition in July 2019, Kansas abdicated its right to try him in 2021. *Id.* Petitioner also challenges the State's assertion in its August 2020 response to his state-court motion to dismiss that it had not yet received a detainer from Petitioner and so could not extradite him to face the Kansas charges, regardless of his extradition waiver. Petitioner

points out that under the UMDDA, he could not file a detainer until he was serving a sentence, which until December 2020, he was not.

## Uniform Mandatory Disposition of Detainers Act

Taking up Petitioner's final argument first, the Kansas Supreme Court has explained that "[t]he UMDDA is a Kansas intrastate procedure permitting persons imprisoned in the state to request final disposition of other Kansas charges pending against them." *See State v. Griffin*, 312 Kan. 716, 720 (2021); *see also* K.S.A. 22-4301(a) (allowing "any inmate in the custody of the secretary of corrections" to "request final disposition of any untried indictment, information, . . . or complaint pending against such person in this state). As the Kansas Court of Appeals has explained:

> "The statutory right to a speedy trial of an inmate who is confined in a penal or correctional institution *in this state* excluding a federal penitentiary is governed by the Uniform Mandatory Disposition of Detainers Act (UMDDA), K.S.A. 22-4301, *et seq.* The statutory right to a speedy trial of an inmate who is confined in a penal or correctional institution *in another state* or in a federal penitentiary is governed by the Agreement [on Detainers, K.S.A. 22-4401, et seq.]" *State v. Waldrup*, 46 Kan. App. 2d 656, 669-70 (Kan. Ct. App. 2011), *rev. denied* Feb. 20, 2013.

Thus, it is unlikely that the UMDDA would apply to Petitioner, since he has not been imprisoned in Kansas at any relevant time other than to face the charges in Riley County.

## Abstention

As the Court noted in its NOSC, principles of comity dictate that absent unusual circumstances, a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger*, 401 U.S. at 46.

Under *Younger*, federal courts must abstain from exercising jurisdiction when: "(1) there is an ongoing state criminal . . . proceeding; (2) the state court provides an adequate forum to hear the claims raised in the federal [petition]; and (3) the state proceedings involve important state interests." *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019).

As noted in the NOSC, it appears that all three conditions are met here. The state-court criminal case against Petitioner is ongoing. The state courts provide Petitioner the opportunity to present his challenges, including his federal constitutional claims, whether in the district court, on appeal, or, if necessary, in further proceedings. *See id.* at 1258 (noting that state courts generally provide an adequate opportunity in this context "'unless state law clearly bars the interposition of the federal statutory and constitutional claims'"). And the State of Kansas has an important interest in prosecuting crimes charging the violation of Kansas laws. *See id.* ("For the purposes of *Younger*, state criminal proceedings are viewed as 'a traditional area of state concern.'").

In his response, Petitioner does not dispute that the *Younger* abstention doctrine applies to this proceeding or that the three conditions identified as requiring abstention under *Younger* exist with respect to his state-court criminal proceedings. He appears to assert that this Court nevertheless should intervene in the state-court proceedings because of the constitutional nature of the violations he alleges. But although a violation of federal statute, constitutional rights, or rights guaranteed by a federal treaty is a prerequisite for federal habeas relief, it does not create an exception to the abstention requirement in *Younger*.

Very recently, the Tenth Circuit addressed the question of abstention in similar circumstances under legal precedent other than *Younger.* In *Kirk v. Oklahoma*, the Tenth Circuit issued an unpublished order denying a certificate of appealability in a case that was, like this one, brought under 28 U.S.C. § 2241 by a pretrial detainee facing state-court criminal charges. *See* 2021 WL 5111985 (10th Cir. Nov. 3, 2021). The federal district court abstained from intervening in the state-court proceedings, citing *Younger*, and dismissed the federal habeas petition without prejudice; the petitioner then sought a certificate of appealability from the Tenth Circuit. *Id.*

The Tenth Circuit held that *Ex Parte Royall*, 117 U.S. 241 (1886), rather than *Younger*, is the appropriate source of authority for dismissal when a federal district court in the interest of comity dismisses a habeas petition seeking relief from ongoing state-court criminal proceedings. *Kirk*, 2021 WL 5111985, at *2. The Tenth Circuit explained that although both *Younger* and *Ex Parte Royall* articulate abstention doctrines based on comity, *Ex Parte Royall* is more appropriate precedent to apply in habeas proceedings. *Id.* It continued:

> "In *Ex Parte Royall*, the Supreme Court held that federal courts have habeas corpus jurisdiction to discharge a state-court pretrial detainee from custody on the basis that his detention violates the constitution. But the Court further concluded that a federal court should not exercise its discretion to exert that power except in very limited circumstances and should instead allow the state court to pass upon constitutional questions in the first instance. Acknowledging exceptions to this rule, the Court pointed to 'cases of urgency[ ] involving the authority and operations of the [federal] government [or] the obligations of this country or its relations with foreign nations.' The Supreme Court has also sanctioned federal habeas relief in a pretrial case

where, rather than seeking to litigate a federal defense to a criminal charge, the habeas applicant sought to compel the state to bring him to trial. '[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.'" *Id.* (citations omitted).

Applying *Ex Parte Royall* to the matter before it, the Tenth Circuit concluded that the district court did not err by abstaining from interfering in Mr. Kirk's state-court criminal proceedings because "[h]is is not a 'case[ ] of urgency' involving the imposition of state custody for commission of an act done in pursuance of federal law or under the authority of a foreign state. Nor is he seeking to compel the state to bring him to trial." 2021 WL 5111985, at *2. Similarly, Petitioner's case is not within the narrow category of cases for which *Ex Parte Royall* contemplates federal-court intervention in state-court criminal proceedings by way of a writ of habeas corpus.

**Conclusion**

Whether the Court considers the question under *Younger* or under *Ex Parte Royall*, Petitioner's current state-court criminal prosecution does not present the sort of special circumstances that warrant federal-court intervention. The *Younger* abstention conditions are present and the circumstances considered in *Ex Parte Royall* are not. Thus, the Court will dismiss this matter without prejudice.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a

constitutional rights. 28 U.S.C. § 2253(c)(2).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that is procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a COA.

**IT IS THEREFORE ORDERED** that the Petition is **dismissed without prejudice.** No certificate of appealability will issue.

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to proceed in forma pauperis (Doc. 4) is **denied as moot.**

**IT IS SO ORDERED.**

DATED:  This 8th day of November, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge